PIERRE VIAUS MAPLE CO. *v.* DAIRY & FOOD COMMISSIONER.[1]

1. FOOD—MAPLE SYRUP —ADULTERATION —STATUTES —CONSTRUCTION.

Section 5007, 2 Comp. Laws, regulating the manufacture and sale of maple sugar, etc., is complete in itself and covers the entire subject, and it, rather than the " pure food law " (Act No. 193, Pub. Acts 1895), governs the manufacture and sale of a mixture of maple and cane syrups under the name of "Pure Canadian Maple Syrup and Cane Syrup;" whence the sale of such mixture without a label stating the percentage of each of such syrups contained therein, as prescribed by the maple sugar statute, is unlawful.

[1] Rehearing denied November 2, 1908.

2. SAME—ADULTERATION—WHAT CONSTITUTES.

> The word "adulteration," as used in the maple sugar statute
> (section 5007, 2 Comp. Laws), means the mixture of any for-
> eign substance, wholesome or unwholesome, with maple
> sugar.

Appeal from Delta; Stone, J. Submitted June 3, 1908. ( Docket No. 8.) Decided September 10, 1908.

Bill by the Pierre Viaus Maple Company to enjoin Arthur C. Bird, dairy and food commissioner, and another, from interfering with the sale of certain foods. From a decree overruling a demurrer to the bill, defendants appeal. Reversed, and bill dismissed.

*Arthur H. Ryall* (*Thomas E. Lannen*, of counsel), for complainant.

*John E. Bird*, Attorney General, and *George S. Law*, Assistant Attorney General, for defendants.

Complainant is the manufacturer of a brand of syrup known as the "Pierre Viaus Pure Canadian Maple Syrup and Cane Syrup;" the trade-mark being the letters "P. V." The bill alleges that the Canadian pure maple syrup exceeds the amount of cane syrup. It sets forth efforts made with the pure food commission to agree upon a label which shall comply with the law, the failure of these negotiations, the representations made to the trade by the defendants that the sale of this syrup is illegal, and the injurious effect upon the complainant's business, and prays that the defendants be restrained from in any manner interfering with its business. To this bill of complaint the defendants demurred, upon the ground that the syrups mentioned in said bill of complaint are not labeled as required by the laws of this State. The demurrer was overruled, and the defendants have appealed.

GRANT, C. J. ( *after stating the facts* ). It is urged by the attorney general that the sale of this mixture is in

violation of section 5007, 2 Comp. Laws, reading as follows:

"That it shall be unlawful for any person, dealer, firm, manufacturer or corporation to manufacture and sell, or offer for sale, any maple sugar, maple molasses or maple syrup that is in anywise adulterated with common sugar, beet sugar, glucose or any other foreign substance without distinctly marking, stamping or labeling the article or the package containing the same with the true and appropriate name of such article and the percentage in which common sugar, beet sugar, glucose or any other foreign substance enters into the composition of the same."

It is urged by the complainant that the case falls within Act No. 193, Pub. Acts 1895, known as the "Pure Food Law," and entitled:

"An act to prohibit and prevent adulteration, fraud and deception in the manufacture and sale of articles of food and drink."

Section 1 (2 Comp. Laws, § 5010) of the act prohibits the sale or having in possession with intent to sell any article of food which is adulterated within the meaning of the act. Section 2 (2 Comp. Laws, § 5011) defines the term "food" to include all articles used for food or drink. Section 3 (2 Comp. Laws, § 5012) states what articles shall be deemed to be adulterated. The section closes with the following proviso:

"*Provided, further,* That the provisions of this act shall not apply to mixtures or compounds recognized as ordinary articles or ingredients of articles of food, if each and every package sold or offered for sale bear the name and address of the manufacturer and be distinctly labeled under its own distinctive name, and in a manner so as to plainly and correctly show that it is a mixture or compound, and is not in violation with definitions fourth and seventh of this section."

The court held that this syrup came within the pure food law (Act No. 193), and not under the act prohibiting the adulteration of maple sugar, etc., and that it came within the proviso above quoted.

We think the court was in error. The act in regard to the manufacture and sale of maple sugar is complete in itself, and covers the entire subject. It was intended to prohibit the manufacture and sale of maple sugar under any name without labeling the product with the true and appropriate name, stating thereon the percentage of any other ingredient used in its manufacture. The title of the act is, "An act to prohibit the adulteration of maple sugar, maple molasses and maple syrup." The word "adulteration" in this statute means the mixture of any foreign substance, wholesome or unwholesome, with maple sugar. The evident purpose of the statute is to compel all persons manufacturing or selling maple sugar to inform the public, not only of what the product is composed, but the proportions of each article used in the manufacture.

Decree reversed, and bill dismissed, with costs of both courts.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.